**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SHELTERLOGIC CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>DELTA CANOPY, INC.<br><br>Defendant. | ) | Civil Action No.<br><br><br><br><br>May 2, 2017 |

## COMPLAINT

The plaintiff, ShelterLogic Corporation ("ShelterLogic"), hereby files its Complaint against the defendant, Delta Canopy, Inc. ("Delta"), as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the laws of the United States of America.

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338.

3. Venue is proper pursuant to 28 U.S.C. § 1391 and 1400.

4. The Court has personal jurisdiction over Delta because, upon information and belief, it: (1) transacts business in this state, (2) engages in infringing conduct in this state, and/or (3) induces others to engage in infringing conduct in this state.

5. More particularly, Delta has sold infringing products to customers in this District.

6. Additionally, Delta operates and maintains "an online marketplace" that promotes "free ground shipping to the contiguous 48 United States," and allows the purchase and delivery of products to consumers located in this District, including infringing products.

7. Finally, Delta offers for sale, distributes and/or sells infringing products to Sears, and thereby induces Sears to sell infringing products to consumers located in this District.

## THE PARTIES

8. ShelterLogic is a limited liability company organized under the laws of the State of Connecticut and maintains a principal place of business at 150 Callendar Road, Watertown, Connecticut.

9. Delta is a Texas corporation and maintains a place of business located at 2160 RedBud Boulevard, McKinney, Texas.

## FACTUAL ALLEGATIONS

10. ShelterLogic is an innovator and global leader in shelter design and has been since 1991.

11. On February 14, 2012, the United States Patent and Trademark Office duly issued U.S. Patent No. D654,187 S ("the 187 Patent"), which protects the unique ornamental design of a particular shelter shape. A copy of the 187 Patent is attached as Exhibit A.

12. ShelterLogic owns all rights, title and interest in the 187 Patent.

13. The exclusive right to design, market and sell shelters claimed by the 187 Patent is a valuable business asset of ShelterLogic.

14. ShelterLogic promotes and sells the commercial embodiment of the 187 Patent under the trademark Garage-in-a-Box®. The commercial embodiment is depicted in Exhibit B.

15. ShelterLogic's Garage-in-a-Box® product with its unique design has become a commercial success for ShelterLogic.

16. Delta is a direct competitor of ShelterLogic particularly in the United States, and upon information and belief, Delta is acutely aware of ShelterLogic's innovations, commercial offerings, and commercial success.

17. Despite this, Delta imports, uses, makes, offers for sale and/or sells a replica product that is virtually identical to the unique design of the 187 Patent.

18. Delta promotes, offers for sale and sells the infringing product on its online marketplace, www.deltacanopy.com, and further induces Sears to offer for sale and sell the infringing product on its online marketplace, www.sears.com.

19. Images of the infringing product from the two online marketplaces are attached as Exhibits C and D.

**COUNT ONE**

20. ShelterLogic repeats and re-alleges the foregoing paragraphs of its Complaint, as if the same were fully set forth herein.

21. In violation of 35 U.S.C. § 271(a), Delta directly infringes the 187 Patent, by its importing, using, making, advertising, offering to sell, and/or selling of the infringing products in the United States.

22. Delta's infringing products are virtually identical to the patented design of the 187 Patent.

23. The 187 Patent is thus infringed because an ordinary observer would think that the accused design is substantially the same as the patented design, particularly when the two designs are compared in the context of the prior art.

24. ShelterLogic will suffer irreparable harm if this Court does not enjoin Delta under 35 U.S.C. § 283 from continuing to directly infringe the 187 Patent.

25. ShelterLogic has suffered harm as a result of Delta's infringing conduct and is entitled to an award of damages pursuant to 35 U.S.C. § 284 and/or 35 U.S.C. § 289.

26. Delta is guilty of willful infringement entitling ShelterLogic to the recovery of treble damages pursuant to 35 U.S.C. § 284.

27. This is an exceptional case entitling ShelterLogic to the recovery of attorneys fees and costs under 35 U.S.C. § 285.

**COUNT TWO**

28. ShelterLogic repeats and re-alleges the foregoing paragraphs of its Complaint, as if the same were fully set forth herein.

29. In violation of 35 U.S.C. § 271(b), Delta indirectly infringes the 187 Patent, by its promotion, distribution and sale of infringing products to others in the United States, including Sears

30. ShelterLogic will suffer irreparable harm if this Court does not enjoin Delta under 35 U.S.C. § 283 from its indirect infringement of the 187 Patent.

31. ShelterLogic has suffered harm as a result of Delta's infringing conduct and is entitled to an award of damages pursuant to 35 U.S.C. § 284 and/or 35 U.S.C. § 289.

32. Delta is guilty of willful infringement entitling ShelterLogic to the recovery of treble damages pursuant to 35 U.S.C. § 284.

33. This is an exceptional case entitling ShelterLogic to the recovery of attorneys fees and costs under 35 U.S.C. § 285.

## DEMAND FOR RELIEF

WHEREFORE, ShelterLogic respectfully requests that the Court enter judgment against Delta as follows:

1. Enjoining Delta and its officers, agents, employees and all others in concert or participation with them from all acts of infringement of the 187 Patent;
2. An award of damages together with interest and costs pursuant to 35 U.S.C. § 284 and/or 35 U.S.C. § 289;
3. An award of three times the damages by reason of Delta's willful infringement of the 187 Patent under 35 U.S.C. § 284;
4. A declaration that this case is exceptional and an award of reasonable attorneys' fees under 35 U.S.C. § 285;
5. All other relief, legal or equitable, that this Court deems proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ShelterLogic demands a trial by jury of any issue triable as of right by a jury.

THE PLAINTIFF,
SHELTERLOGIC CORPORATION

Respectfully submitted,

Dated: May 2, 2017

John R. Horvack, Jr. (ct12926)
Carmody Torrance Sandak & Hennessey LLP
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Tel: 203-777-5501
Fax: 203-784-3199
jhorvack@carmodylaw.com